UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GOODWAY GROUP, INC.,

    Plaintiff,

v.

RACHEL PAKZADEH.,

    Defendants.

Case No. 24-2528-EFM-BGS

### MEMORANDUM & ORDER ON MOTION FOR EXPEDITED DISCVOERY

NOW BEFORE THE COURT is Plaintiff's "Motion for Expedited Discovery" (Doc. 5) in which Plaintiff seeks the Court's permission to serve certain discovery requests on Defendant prior to the parties' conference pursuant to Fed. R. Civ. P. 26(f).  *See* Fed. R. Civ. P. 26(d)(1).  For the reasons set forth herein, Plaintiff's motion is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff filed the present lawsuit on November 15, 2024, alleging that its former employee, Defendant Rachel Pakzadeh ("Defendant"), "improperly downloaded confidential and trade secret information before departing and working for Plaintiff's direct competitor, AI Digital," Defendant's current employer.  (Doc. 5, at 1.)  In the present matter, the parties have not engaged in their Rule 26(f) conference, which is why Plaintiff was required to file the present motion prior to serving discovery requests.  In fact, Defendant's is not even required to respond to Plaintiff's Complaint until December 24, 2024.  (*See* Doc. 9.)

Plaintiff seeks leave from the Court to serve expedited written discovery on Defendant, that Plaintiff describes as "targeted and limited," as well as a notice for a three hour deposition, in order to "determine the extent of Defendant's actions in violation of her Employment Agreement … ."

(*Id.*)  Plaintiff contends "this Motion is necessary to allow Plaintiff to determine at an early outset whether injunctive relief is necessary."  (*Id.*, at 2.)

## ANALYSIS

### I. Procedural Issues.

As an initial matter, the Court has concerns that Plaintiff has failed to comply with D. Kan. Rules 37.1 and 37.2.  Pursuant to D. Kan. Rule 37.2, a court "will not entertain any motion to resolve a discovery dispute … unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."  Plaintiff must include a certification "related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute."  *Id.*  The Rule continues that a "reasonable effort to confer" means "more than emailing, mailing, or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."

Plaintiff's motion states that "Plaintiff's counsel has requested, both orally and over e-mail, that counsel for Defendant agree to respond to the document requests on an expedited basis and appear for an early deposition."  (Doc. 5, at 1.)  The Court has concerns as to whether this constitutes the parties "in good faith convers[ing], confer[ring], compar[ing] views, consult[ing], and deliberat[ing]" or at a minimum attempting to do so.

Further, D. Kan. Rule 37.1 mandates that "[b]efore filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer in D.Kan. Rule 37.2, the party intending to file a discovery-related motion must contact the court to arrange a telephone conference with the judge and opposing counsel."  Plaintiff's counsel did not do so in this

instance. Rather than denying Plaintiff's motion on purely procedural grounds, however, the Court will analyze the substantive merits of Plaintiff's arguments.

## II.     Substantive Issues.

The timing and sequence of discovery is governed by Fed.R.Civ.P. 26(d)(1), which provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." It is well-settled that courts have wide discretion in managing the discovery process. That stated, a party moving for expedited discovery must show "good cause" for its motion, establishing that the request is "reasonable" in light of the relevant circumstances. *CGB Diversified Servs., Inc. v. Adams*, No. 20-2061-HLT-KGG, 2020WL 1271772, at *1 (D. Kan. March 17, 2020) (citing *MNM Inv., Inc. v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2018 WL 6413227, at *1 (D. Kan. Dec. 6, 2018)). The party seeking the expedited discovery bears the burden of establishing good cause and showing a need for the requested relief. *MNM Inv., Inc.*, 2018 WL 6413227, at *1.

In applying the standard of "good cause" or "reasonableness," the Court must weigh the need for the early discovery by considering the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. March 20, 2009) (citation omitted).

As for the first factor, no motion for a preliminary injunction as been filed in this case. The Court notes, however, that Plaintiff argues the discovery is necessary to allow it "to determine at an

early outset whether injunctive relief is necessary." (Doc. 5., at 2.) The Court finds that this factor weighs neither in favor nor against allowing the requested expedited discovery.

The Court next considers the breadth of the discovery requests. Plaintiff describes the proposed written discovery requests as "serve targeted and limited … ." (*Id.*, at 1.) The Court does not agree. The written discovery requests consist of four requests for production, six interrogatories, and five requests for admission. (Doc. 5-1.) In addition, the discovery requests include over three pages of definitions and instructions.

The subjects of the document requests are all communications with customers of Plaintiff or Strategic America since the end of Defendant's employment, documents relating to a hotel stay in October of 2024, and any files belonging to Plaintiff that Defendant downloaded or in her possession. (*Id.*) The interrogatories seek information on topics including Plaintiff's customers with whom Defendant has communicated or who have contacted her, the identification of potential witnesses as to Defendant's activities during an October 2024 hotel stay, a description of the actions Defendant took to download Plaintiff's files, a listing of Plaintiff's files she downloaded or has accessed since the end of her employment, the identity of individuals at AI Digital with whom Defendant has spoken regarding Plaintiff's customers. (*Id.*) Lastly, the requests for admissions relate to whether Defendant has used Plaintiff's materials since the end of her employment, whether she visited Strategic America in October 2024, whether she shared materials belonging to Plaintiff with third parties including her current employer, and whether she has communicated with Plaintiff's employees since the end of her employment. (*Id.*)

The Court finds that while the discovery requests might be described as "targeted," their breadth does not necessarily seem limited -- especially considering the additional request to depose Defendant for up to three hours. Considering Defendant has not yet even been required to respond

Plaintiff's Complaint and that there is no currently pending motion for injunctive relief, the Court is concerned as to the breadth of the requested discovery. This weighs against Plaintiff's request.

The next factor is the purpose for requesting the expedited discovery. As stated above, Plaintiff asserts the discovery is needed "to allow Plaintiff to determine at an early outset whether injunctive relief is necessary." (Doc. 5, at 2.) Given the allegations contained in Plaintiff's Complaint – which include that Defendant misappropriated Plaintiff's proprietary information and violated the confidentiality provision of her employment agreement (*see* Doc. 1) – Plaintiff has not adequately explained why additional information would be needed for Plaintiff to decide whether it wishes to move for preliminary injunctive relief.

The Court next considers the burden on the Defendant to comply with the proposed discovery requests. The Court does not find the requests enumerated above to be overly voluminous in the context of the litigation as a whole. That stated, given the infancy of this litigation and the fact that Defendant has yet to even respond to Plaintiff's Complaint, the burden on Defendant at the present stage would be significant. This weighs against Plaintiff's request.

Finally, the Court considers how far in advance of the typical discovery process the request was made. Considering the circumstances presented in Plaintiff's motion, the Court finds that the request was made significantly in advance of the typical discovery process. Plaintiff's motion was filed less than two weeks after the summons was executed on Defendant and a week before Defendant's answer was initially due. (*See* Docs. 4 and 5.) It was likely that Defendant had even engaged an attorney when Plaintiff filed the present motion. Further, because Defendant has yet to respond to Plaintiff's Complaint, no initial order has been entered by the Court giving the parties a deadline to complete their Rule 26(f) conference. This factor, like factors 2 through 4, weighs against Plaintiff's request.

As such, the Court finds Plaintiff has not met its burden to be given permission to serve the expedited discovery at issue. Plaintiff's motion (Doc. 5) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated December 20, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge